PORTLAND MAILING SERVICES, INC.,
*Petitioner,*

*v.*

STATE ACCIDENT
INSURANCE FUND CORPORATION,
*Respondent.*

(CA A40258)

734 P2d 898

Lew E. Delo, Nancy B. Dickerson and Delo, Kantor and Stamm, Portland, for the motion.

Dave Frohnmayer, Attorney General, and Ann Kelley, Assistant Attorney General, Salem, contra.

Before Young, Presiding Judge, and Warren and Deits, Judges.

YOUNG, P. J.

**YOUNG, P. J.**

This matter is before us on petitioner's motion to present additional evidence. In SAIF's answer to the motion, it contends that the court lacks jurisdiction of the petition.

Petitioner seeks judicial review of a "determination" by SAIF that petitioner owed a premium for workers' compensation insurance for Nancy Torres who, it argues, is not a subject employe under ORS 656.027(9). The determination is a letter from SAIF, which petitioner argues is a final order by a state agency and subject to review as an order in a contested case.

ORS 183.315(1) provides:

"(1)   The provisions of ORS 183.410, 183.415, 183.425, 183.440, 183.450, 183.460, 183.470 and 183.480 do not apply to local government boundary commissions created pursuant to ORS 199.425 or 199.430, the Department of Revenue, State Accident Insurance Fund Corporation, Public Utility Commissioner, Workers' Compensation Department, Psychiatric Security Review Board or State Board of Parole."

SAIF is expressly exempted from ORS 183.480, which provides for judicial review of certain agency orders:

"(1)   Any person adversely affected or aggrieved by an order or any party to an agency proceeding is entitled to judicial review of a final order, whether such order is affirmative or negative in form. A petition for rehearing or reconsideration need not be filed as a condition of judicial review unless specifically otherwise provided by statute or agency rule.

"(2)   Judicial review of final orders of agencies shall be solely as provided by ORS 183.482, 183.484, 183.490 and 183.500.

"(3)   No action or suit shall be maintained as to the validity of any agency order except a final order as provided in this section and ORS 183.482, 183.484, 183.490 and 183.500 or except upon showing that the agency is proceeding without probable cause, or that the party will suffer substantial and irreparable harm if interlocutory relief is not granted.

"(4)   Judicial review of orders issued pursuant to ORS 813.410 shall be as provided by ORS 813.410."

Petitioner argues, however, that ORS 183.482[1] alone confers jurisdiction to review SAIF's determination. ORS 183.315(1) does not exclude SAIF from ORS 183.482. SAIF contends that ORS 183.482 merely governs the scope of our review once jurisdiction is acquired under ORS 183.480. We agree. ORS 183.480(2) would not be necessary, if ORS 183.482 itself conferred jurisdiction. Because SAIF is exempt from ORS 183.480, authority for judicial review of its determinations is not provided for by the APA.

Moreover, workers' compensation law specifically addresses SAIF's premium demands. ORS 656.560(2) provides:

"If any employer insured with the State Accident Insurance Fund Corporation * * * fails to make payment of premiums * * * required within 30 days after a written demand by the State Accident Insurance Fund Corporation, such employer is in default and is also subject to a penalty * * *. The written demand shall be mailed to the employer * * *. A copy of the demand shall at the same time be sent to the director [of the Workers' Compensation Department]. ORS 656.005(12)."

If an employer defaults as described, SAIF may impose a lien on the employer's property by filing a lien notice with the county clerk in which the property is located. ORS 656.566(2). The lien may be foreclosed only if SAIF establishes its validity by an action in circuit court. ORS 656.566(3) and (4). The employer could challenge the premium demand at that point, or it could seek a declaratory ruling under ORS 28.010. Either way, SAIF's action is not reviewable under APA provisions.

Motion to present additional evidence denied; petition for judicial review dismissed for lack of jurisdiction.

---

[1] ORS 183.482 provides, in part:

"(1) Jurisdiction for judicial review of contested cases is conferred upon the Court of Appeals. Proceedings for review shall be instituted by filing a petition in the Court of Appeals. The petition shall be filed within 60 days only following the date the order upon which the petition is based is served unless otherwise provided by statute. If a petition for rehearing has been filed, then the petition for review shall be filed within 60 days only following the date the order denying the petition for rehearing is served. If the agency does not otherwise act, a petition for rehearing or reconsideration shall be deemed denied the 60th day following the date the petition was filed, and in such cases, petition for judicial review shall be filed within 60 days only following such date. Date of service shall be the date on which the agency delivered or mailed its order in accordance with ORS 183.470."